IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAIRE DANE THOMAS,

        Plaintiff,

v.

CAROLYN COLVIN,
Commissioner, Social Security
Administration,

        Defendant.

Civil No. 3:14-cv-00667-CL

OPINION AND ORDER

MARK D. CLARKE, Magistrate Judge.

Plaintiff Claire D. Thomas ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and

1 - OPINION AND ORDER -

1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## BACKGROUND

Born in 1976, Plaintiff was 38 years old on the alleged disability date of August 18, 2008. Tr. 274. Plaintiff graduated from college and has past work experience as a dietary aide, food production worker, auto parts delivery person, crew sales leader, and office clerk. Tr. 73. Plaintiff filed applications for DIB and SSI on July 26, 2010, alleging disability due to a combination of both mental and physical impairments. Tr. 274, 278.

The Commissioner denied Plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 1-5, 125, 126, 155, 156, 186. After an administrative hearing held on October 25, 2012, ALJ Paul G. Robeck issued a decision finding Plaintiff not to be disabled. Tr. 19-32. The Appeals Council denied Plaintiff's subsequent request for review on March 28, 2014, making the ALJ's decision the final Agency decision. Tr. 1-5; 20 C.F.R. §§ 416.1481, 422.210 (2014). This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. §

416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

> 1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(I); 416.920(a)(4)(I). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(I); 416.920(a)(4)(I). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.
>
> 2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.
>
> 3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

3 - OPINION AND ORDER -

    5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 21. At step two, the ALJ found Plaintiff had the following severe impairments: a major depressive disorder and features of borderline personality disorder. Tr. 21. At step three the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 23-24.

The ALJ next assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she is limited to work involving only occasional public contact and occasional co-worker contact, and the interaction with co-workers should be brief. Tr. 25. At step four, the ALJ found Plaintiff could perform past relevant work as a food production worker. Tr. 31. Therefore, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, since the alleged onset date of August 18, 2008. Tr. 31.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g), *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)

(quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn*, 495 F.3d at 630; *see also Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues the ALJ erred in two respects: (1) by failing to properly reject the opinion of consultative examiner Karla Causeya, Psy.D.; and (2) by failing to include in Plaintiff's RFC all of the limitations specified in consultative examiner Pamela Joffe, Ph.D.'s report after assigning Dr. Joffe's opinion "great weight."

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). One way that an ALJ can give specific, legitimate reasons for rejecting a medical opinion is by summarizing the conflicting evidence in detail and interpreting it. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

## I.     Dr. Causeya

Dr. Causeya diagnosed Plaintiff with a major depressive disorder, moderate, chronic, and features of borderline personality disorder. Tr. 938. She estimated Plaintiff's GAF score at 40, indicating major impairment in several areas such as work or school, family relations, judgment, or thinking. Tr. 939. Dr. Causeya also reported that "[c]learly, given [Plaintiff's] history and

symptoms of chronic depression, [Plaintiff] is unable to maintain gainful employment." Tr. 939. Plaintiff contends the ALJ did not provide specific and legitimate reasons to reject Dr. Causeya's opinion.

The ALJ offered valid reasons for discounting Dr. Causeya's opinion. First, the ALJ gave Dr. Causeya's GAF assessment little weight, "because it represents only a snapshot of [Plaintiff's] functioning" at the time of the evaluation and "includes effects of conflict in relationships, employment issues, living in subsidized housing, and minimal social support network, rather than mental impairments alone." Tr. 28. Dr. Causeya's GAF rating conflicted with other medical evidence of Plaintiff's level of functioning, specifically with GAF assessments of other providers at times other than the "snapshot" of Plaintiff's circumstances on the date Dr. Causeya examined her. The inconsistency of Dr. Causeya's GAF assessment with the remainder of the record is a legally sufficient reason for the ALJ's rejection. *Tommasett v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Second, the ALJ found that Dr. Causeya's statement that Plaintiff was unable to maintain gainful employment was based on Plaintiff's subjective statements, which the ALJ found to be not credible. Tr. 29-30. The ALJ is entitled to assign less weight to a physician's opinion that is based on the subjective reports of a claimant properly found to be not credible. *Tommasetti*, 533 F.3d at 1041. Plaintiff does not challenge the ALJ's negative credibility finding, and the ALJ reasonably discounted Dr. Causeya's opinion that Plaintiff was unable to work after finding it was based on Plaintiff's unreliable subjective statements. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)

(an ALJ may properly reject a physician's opinion premised on a claimant's subjective complaints that the ALJ has validly discredited).

Third, the ALJ discounted Dr. Causeya's Mental Residual Functional Capacity Assessment in which she checked off boxes indicating Plaintiff is substantially impaired in multiple areas of sustained concentration and persistence, social interaction, and adaptation, because Dr. Causeya did not provide any rationale to support her opinion. Tr. 28. The ALJ also noted this opinion was inconsistent with Plaintiff's performance on psychological testing and mental status exam, which revealed no significant cognitive impairment. Tr. 28. This is a legally sufficient reason to reject Dr. Causeya's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings).

The ALJ's assessment of Dr. Causeya's opinion was supported by substantial evidence. Accordingly, it is affirmed.

## II.   Dr. Joffe

Dr. Joffe diagnosed Plaintiff with major depressive disorder and assessed her with some borderline personality features. Tr. 695. Dr. Joffe noted Plaintiff's ability to understand and follow instructions, and advised that Plaintiff would be able to understand and follow more complex instructions than those given during the examination, despite Plaintiff's statements indicating she did not want to comply with instructions in the workplace. Tr. 695. Dr. Joffe found Plaintiff's ability to maintain attention and concentration was average, but opined that "given [Plaintiff's] poor work history it is likely that her stamina to maintain attention and concentration throughout a

normal workweek and workday would be *initially* poor." Tr. 695 (emphasis added). Dr. Joffe also rated Plaintiff's impulse control as "fair to poor" in light of her confrontational behavior at work, which caused her to lose jobs. Tr. 693.

Plaintiff contends the ALJ erred in failing to include all of Dr. Joffe's limitations in Plaintiff's RFC after assigning Dr. Joffe's opinion "great weight." Plaintiff argues the ALJ failed to account for, or properly reject, Plaintiff's "fair to poor" impulse control and judgment in his RFC discussion.

The ALJ noted Dr. Joffe's opinion that the Plaintiff's ability to maintain attention and concentration would initially be poor, but found that Dr. Joffe gave no indication that this initial difficulty would continue. Tr. 26. The ALJ also noted that Dr. Joffe "rated [Plaintiff's] impulse control and judgment as 'fair to poor' in light of her confrontational behavior at work which caused her to lose jobs." Tr. 26. Elsewhere in the opinion, the ALJ noted that Disability Determination Services ("DDS") psychological consultant Sandra L. Lundblad, Psy.D., who reviewed Dr. Joffe's report, opined that Plaintiff should only work occasionally with the general public and co-workers, and that she would do best when only occasional interaction supervision is needed. Tr. 31. Another DDS psychological consultation, Dorothy Anderson, Ph.D., who also reviewed Dr. Joffe's report, concurred with Dr. Lundblad's opinion.

The ALJ accepted these opinions that Plaintiff had some social difficulties and incorporated limitations in the RFC to address those difficulties. Specifically, the ALJ found Plaintiff limited to work with no more than occasional contact with the public and coworkers, and that coworker interaction needed to be brief. Tr. 25. This finding was consistent with Dr. Joffe's explanation of

9 - OPINION AND ORDER -

how Plaintiff's difficulties would manifest and with Dr. Lundblad's opinion regarding the specific limitations reflected in Dr. Joffe's report. Accordingly, the ALJ did properly include Dr. Joffe's limitations in Plaintiff's RFC. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (an ALJ's findings need only be consistent with a doctor's assessed limitations, and not identical to them).

## CONCLUSION

The Commissioner's decision is supported by substantial evidence. For these reasons, the decision of the Commissioner is AFFIRMED and this matter is DISMISSED.

IT IS SO ORDERED.

DATED this 29 day of July, 2015.

Mark D. Clarke
United States Magistrate Judge